**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-4793**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JAMES DONOVAN FORD,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CR-00-61)

---

Submitted:  July 10, 2003            Decided:  July 15, 2003

---

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Brian
Steven Cromwell, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte,
North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Donovan Ford pled guilty without the benefit of a plea agreement to being a felon in possession of a firearm. He was sentenced to ninety-two months imprisonment. Ford's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the denial of Ford's motion to suppress, but stating that, in his view, there are no meritorious issues for appeal. Ford was advised of his right to file a pro se supplemental brief, but he did not do so.

Absent a conditional plea, entered with the approval of the district court and the consent of the Government, a guilty plea waives the right to challenge suppression rulings. See Fed. R. Crim. P. 11(a)(2); United States v. Broce, 488 U.S. 563, 569 (1989). Although Ford sought to enter a conditional plea, the transcript of his plea hearing shows that the Government did not agree, and there was no written plea agreement. Accordingly, Ford's unconditional plea has waived his right to raise any suppression issues.

Pursuant to Anders, we have reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be

2

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED